IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREDDIE E. BOORIGIE, JR.,

                    Petitioner,

        v.                                    CASE NO. 11-3145-SAC

RAY ROBERTS, et al.,

                    Respondents.


                            O R D E R

    Petitioner proceeds with counsel on a petition for a writ of
habeas corpus under 28 U.S.C. § 2254.   Before the court is
respondents' motion to dismiss the petition as time barred.   Having
reviewed the record, the court grants respondents' motion.

    Respondents establish that petitioner's conviction on charges
of first degree murder, arson, criminal solicitation, and impairing
a security interest became final, at the latest, on October 16,
2002, for purposes of starting the running of the one year federal
limitation period for seeking federal habeas corpus relief under §
2254.   *See* 28 U.S.C. § 2244(d)(1)(A)(one year limitation period
applicable to habeas petitions filed by a person in custody pursuant
to a state court judgment runs from "the date on which the judgment
became final by the conclusion of direct review or the expiration of
the time for seeking such review.").   Some 254 days later, the
running of that limitation period was tolled when petitioner filed
a post-conviction motion in the state district court on June 27,
2003, to vacate his sentence.   28 U.S.C. § 2244(d)(2).   The 111 days
remaining in the § 2254(d) limitation period resumed running on

August 8, 2010, upon expiration of the time for seeking review of the Kansas Court of Appeals decision that affirmed the state district court's denial of petitioner's post-conviction motion.  The § 2244(d)(1) limitation period then expired November 27, 2010. Petitioner did not file the instant petition until almost eight months later, on August 1, 2011.

It is thus clear that petitioner did not file his petition within the one year limitation period imposed by § 2244(d)(1), but as respondents correctly indicate in their motion, that statutory limitation period is subject to equitable tolling upon a showing by petitioner of diligence and extraordinary circumstances. *See Garcia v. Shanks*, 351 F.3d 468, 473 n.2 (10th Cir.2003)(equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control")(citation for quotation omitted).  No such showing is evident in this case, however, where petitioner filed no response to respondents' motion to dismiss the petition as time barred,[1] and the petition itself presents no arguments or circumstances suggesting equitable tolling would be appropriate.

Accordingly, the court concludes the petition should be dismissed as untimely filed.

IT IS THEREFORE BY THE COURT ORDERED that respondents' motion to dismiss the petition as time barred (Doc. 5) is granted, and that

---

[1]The court granted petitioner's request for an extension of time to and including December 28, 20111, to file a response, but the record discloses that no response or other pleading was ever submitted by petitioner.

the petition is hereby dismissed.

**IT IS SO ORDERED.**

DATED:  This 19th day of January 2012 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge